IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SCOTT H. LINFORD and TRISA G. LINFORD,<br><br>Plaintiffs,<br><br>vs.<br><br>FIRST FRANKLIN, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER<br><br><br>Case No. 2:11-CV-793 TS |

This matter is before the Court of Plaintiffs' Motion for Temporary Restraining Order.[1] Plaintiffs seek an order from the Court preventing Defendants from taking any further step in the foreclosure process on the relevant property. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

The following facts are taken from Plaintiffs' Complaint. Plaintiffs own certain property located in Riverton, Utah. Plaintiffs are the recipient of a loan which is secured by a deed of

---

[1]Docket No. 3.

1

trust, which was recorded against the property on June 5, 2006. In 2009, Plaintiffs encountered financial difficulties and were having difficulties making their payments on the note on time. Thereafter, Plaintiffs entered into a "Home Affordable Modification Trial Period Plan" under which they made reduced payments through February of 2011. Defendants are now attempting to foreclose on the property. Plaintiffs assert that the agreement between the parties was modified by the "Home Affordable Modification Trial Period Plan" and that, pursuant to that agreement, Defendants are barred from foreclosing on the subject property.

## II. DISCUSSION

The standard for a temporary restraining order is the same as a preliminary injunction.[2] "A preliminary injunction is an extraordinary remedy, and thus the right to relief must be clear and unequivocal."[3] In order for Plaintiff to be entitled to a preliminary injunction, Plaintiff must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.[4]

Having reviewed the contents of Plaintiffs' Complaint, the Court finds that Plaintiffs have failed to show a substantial likelihood of success on the merits. Plaintiffs' Complaint alleges that Defendants are barred from foreclosing on the property because their agreement with

---

[2]*Bachman By and through Bachman v. W. High Sch.*, 900 F.Supp. 248, 250 (D. Utah 1995) *aff'd* 132 F.3d 542 (10th Cir. 1997).

[3]*Nova Health Sys. v. Edmondson*, 460 F.3d 1295, 1298 (10th Cir. 2006).

[4]*Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

Defendants was modified by the "Home Affordable Modification Trial Period Plan" and that, under the terms of the modification trial period plan, Defendants could not foreclose as long as Plaintiffs were making reduced payments. This Court has previously rejected such claims where similarly situated Plaintiffs have alleged that their trial modification prevented foreclosure.[5] Therefore, the Court finds that a temporary restraining order is not warranted here and Plaintiff's Motion will be denied.

III. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion for Temporary Restraining Order (Docket No. 3) is DENIED.

DATED   September 1, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[5]*See Andersen v. Homecomings Financial, LLC*, 2011 WL 2470509, at *8 (D. Utah June 20, 2011) (holding "[t]he Court . . . has repeatedly held that HAMP does not authorize a private right of action, nor are 'HAMP-based claims, disguised as other claims, such as breach of contract . . . cognizable.'") (quoting *Terry v. IndyMac Mortg. Servs.*, 2011 WL 2112033, at *1 (D. Utah May 26, 2011)).