IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SCOTT H. LINFORD AND TRISA G. LINFORD,<br><br>    Plaintiffs,<br><br>vs.<br><br>FIRST FRANKLIN, A DIVISION OF NAT. CITY BANK OF IN., WELLS FARGO HOME MORTGAGE, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND JOHN DOE DEFENDANTS,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br><br>Case No. 2:11-CV-793 TS |

This matter is before the Court on Defendants' Motion to Dismiss. Defendants ask the Court to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.

I. BACKGROUND

After encountering financial difficulties that made payment of their mortgage impracticable, Plaintiffs contacted their mortgage servicer to discuss options. The mortgage servicer offered a temporary loan modification plan. The plan allowed for three lower payments,

1

but the attendant documents clearly state that the modification was not permanent and Defendants were not bound to modify the loan at the conclusion of the modification period. Plaintiff complied with the terms of the modification agreement and continued to make modified payments for two months after the period specified in the modification agreement, which the bank accepted. The next month, Plaintiffs were notified that foreclosure proceedings would be initiated. Plaintiffs filed a Complaint and an Amended Complaint alleging ten causes of action. Defendant responded with a Motion to Dismiss. The Court will consider each cause of action in turn.

## II. STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving party.[1] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face"[2] and the court "need not accept . . . conclusory allegations without supporting factual averments."[3] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[4] The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims

---

[1] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[3] *S. Disposal, Inc. v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).

[4] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

across the line from conceivable to plausible" to survive a motion to dismiss.[5] As the Tenth Circuit stated:

> [T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[6]

The Supreme Court recently provided greater explanation of the standard set out in *Twombly* in *Ashcroft v. Iqbal*.[7] In *Iqbal*, the Court reiterated that while Fed.R.Civ.P. 8 does not require detailed factual allegations, it nonetheless requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[8] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[9] "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[10]

The Court in *Iqbal* stated:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a

---

[5]*Twombly*, 550 U.S. at 547.

[6]*The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[7]129 S.Ct. 1937 (2009).

[8]*Id*. at 1949.

[9]*Id*. (quoting *Twombly*, 550 U.S. at 555).

[10]*Id*. (quoting *Twombly*, 550 U.S. at 557).

3

plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[11]

### III. DISCUSSION

Plaintiffs' first cause of action is a request for injunctive relief and a temporary restraining order. The Court has previously denied this request.[12] Thus the first cause of action will be dismissed.

Plaintiffs' second and third cause of action both rely on the premise that Plaintiffs were entitled to a loan modification under HAMP. The Court has repeatedly held that HAMP does not authorize a private right of action and that "HAMP-based claims, disguised as other claims, such as breach of contract, are not cognizable."[13] Accordingly, the Court will dismiss Plaintiffs' second and third causes of action.

---

[11]*Id*. at 1949-50 (alteration in original) (internal quotation marks and citations omitted).

[12]Docket No. 7.

[13]*Terry v. IndyMac Mortg. Servs.*, 2011 WL 2112033, at *1 (D. Utah May 26, 2011) (citing *Shurtliff v. Wells Fargo Bank, NA*, 2010 WL 4609307, at *3 (D. Utah Nov. 5, 2010); *Marks v. Bank of Am., NA*, 2010 WL 2572988, at *5-6 (D. Ariz. June 22, 2010)).

Plaintiffs' fourth cause of action is for fraudulent inducement. "Under Fed.R.Civ.P. 9, fraud must be plead with particularity."[14] "When pleading a fraud claim, a plaintiff must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'"[15] In their fourth cause of action, plaintiffs allege that

> Defendants, acting through their agents, employees and representatives, made false or misleading statements to Plaintiffs. Specifically, Defendants represented that the real property for which Plaintiffs contracted would not be foreclosed upon pursuant to the Trial Period Plan if Plaintiffs would sign the proposed modified contract and Modified Payments as required.[16]

Plaintiffs have failed to meet the pleading standards for this cause of action because they have not identified the individuals who made the statements or the time and place the statements were made. Accordingly, Plaintiffs' fourth cause of action is dismissed.

Plaintiffs fifth and sixth causes of action allege fraudulent non-disclosure and fraudulent concealment. These claims are based on the premise that Defendants were under a duty to inform Plaintiffs of "the actual status of their modified contract agreement and negotiation in this matter as well as any limitations pertaining thereto while Plaintiffs were making Modified Payments in reliance thereon."[17] "In Utah the elements for fraudulent nondisclosure are

---

[14]*Barrow v. Countrywide Home Loans, Inc.*, 2009 WL 3418165, at *2 (D. Utah Oct. 16, 2009).

[15]*Id*. (quoting *Schwartz v. Celestial Seasonings*, 124 F.3d 1246, 1252 (10th Cir. 1997)).

[16]Docket No. 2 Ex. 5, at 10.

[17]*Id.* at 12.

essentially the same as those for fraudulent concealment."[18]  "To prevail on a claim of fraudulent nondisclosure, a plaintiff must prove by clear and convincing evidence that (1) the defendant had a legal duty to communicate information, (2) the defendant *knew* of the information he failed to disclose, and (3) the nondisclosed information was *material*."[19]  These types of fraud must be plead with particularity under Rule 9.[20]  Plaintiffs have not set forth which individuals had the duty to convey information or at what point those individuals were required to and failed to convey the information.  Additionally, Plaintiffs only vaguely describe the information not conveyed—the "status" of the loan modification and any "limitations."  Such allegations do not meet the stringent pleading requirements of Rule 9.  Accordingly, Plaintiffs' fifth and sixth causes of action will be dismissed.

Plaintiffs' seventh and eighth causes of action are negligence claims.  Such claims are barred by the economic loss doctrine.  That doctrine exists to

> mark[] the fundamental boundary between contract law, which protects expectancy interests created through agreement between the parties, and tort law, which protects individuals and their property from physical harm by imposing a reasonable duty of care.  Simply put, the economic loss rule holds that economic damages are not recoverable in negligence absent physical property damage or bodily injury.[21]

Here, Plaintiffs are suing over a relationship established by contract.  They have suffered no personal injury or property damage.  Accordingly, the economic loss doctrine prevents them from

---

[18]*Anderson v. Kriser*, 2011 WL 5089461, at *4 n.11 (Utah 2011).

[19]*Hess v. Canberra Dev. Co.. LC*, 254 P.3d 161 (Utah 2011).

[20]*Wade v. Wachovia*, 2011 WL 997198, at *3 (D. Utah Mar. 17, 2011).

[21]*Id.*

pursuing a remedy in tort for alleged wrongs stemming from their contractual relationship with Defendants.

Finally, Plaintiffs' Amended Complaint contains two additional causes of action for promissory and equitable estoppel. Under Utah law, "if a legal remedy is available, such as breach of contract, the law will not imply [an] equitable remedy."[22] "The issue is not whether [plaintiff] has a valid breach of contract claim, but whether an enforceable contract exists that provides the possibility of a legal remedy."[23] An enforceable contract exists between the parties here, and, accordingly, the Court will not apply an equitable remedy.

### III. CONCLUSION

In light of the foregoing, it is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 9) is GRANTED. The Clerk of the Court is directed to close this case forthwith.

DATED   November 9, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[22] *Am. Towers Owners Ass'n, Inc. v. CCI Mech., Inc.*, 930 P.2d 1182 (Utah 1996) (overruled on other grounds).

[23] *Anapoell v. Am. Express Bus. Fin. Corp.*, 2007 WL 4270548, at *6 (D. Utah Nov. 30, 2007).